UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

CITY OF NEW YORK (HRA); NYPD; NYC MTA,

                Defendants.

19-CV-8794 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Since September 16, 2019, Plaintiff has filed more than 30 actions in this Court, suing mostly agencies of the City of New York. *See Frost v. Oculus*, ECF 1:19-CV-9667, 5 fn.2 (S.D.N.Y. Nov. 5, 2019) (listing cases). To date, all of the complaints the Court has considered have been dismissed as frivolous and Plaintiff has repeatedly been warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651, barring her from filing new actions IFP unless she receives prior permission. *See id*. at 4-5. Because she continued to file frivolous cases, on November 7, 2019, the Court barred Plaintiff from filing further actions IFP without first obtaining permission. *See Frost v. City of New York (HRA)*, No. 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). This action was filed prior to the Court's bar order.

Plaintiff sues the New York City Human Resource Administration (HRA), the New York City Police Department (NYPD), and the Metropolitan Transportation Authority (MTA). She uses the Court's general complaint form, invokes the Court's federal question jurisdiction, and claims that she has been treated unfairly and was denied what she is "truly worth." (ECF No. 2, 2.) Plaintiff lists the place of occurrence as "Staples New York," and the date of occurrence as "9/19-9/20" (*Id*. at 5.) Plaintiff asserts the following as her statement of claim:

> On one side I was told I was under the doctor's care. I was also told sarcastically "alright you like that." Someone said "look how you dying leaning to one side." "Look how they cut the baby hair." Do you want a cookie?

2

> I went to check my email this morning at Staples. That Staples is where all the heavy chopping and dicing is taking place. While I was accessing my NYSDECF mail a party got down to business. There was at least four of them chopping and dicing including one woman half way kneeling on the floor.
>
> Someone told me they had the morning keys. The computer was downloading – I never down-loaded anything. I received four (4) emails from the city. Inside Staples I was controlled and programmed to do things to benefit the party of four (4).
>
> I am tired of receiving money and it being taken back. I do priceless jobs for the defendants. The defendants are unconscionable and unscrupulous. I cannot trust just about no one. The defendants don't pay me. Yesterday evening into about 6:00am this morning I knew I did at least four (4) priceless jobs. In fact most all jobs I do are priceless. I think it I quite reasonable based on that for the compensation to rise. I am asking the court to go into my email access the four the city sent and to now compensate me five million.
>
> The jobs are risky and dangerous. Last night I slept outside my cover – a large black garbage bag and the floor. I was programmed to go there. Password for email 2017Jesus$$
>
> PS MTA dropped the garbage bags on the City Hall train upstairs platform. That's deep – very deep the level of programming. The bags were my blankets.

(*Id*. at 5-7.) Plaintiff asserts as her injuries psychological damage, internal and external pain, "off key sleeping pattern" and an "unbearable headache." (*Id*. at 7.) As her relief, Plaintiff would like to "raise the compensation to five millions." (*Id*.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. This action is a continuation of Plaintiff's pattern of vexatious, frivolous, and meritless litigation in this Court.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court's November 7, 2019 bar against filing future actions IFP without first receiving permission remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 12, 2019
        New York, New York

                                                        COLLEEN McMAHON
                                                 Chief United States District Judge